UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESTER FISHER,

    Petitioner,

v.                                                    CASE NO: 8:13-CV-489-T-30TBM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Lester Fisher's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (CV Dkt. #1). The Court has considered the Petition (CV Dkt. #1), the State's Response (CV Dkt. #12), and the Petitioner's Reply (CV Dkt. #14) and concludes the Petition should be denied.

### Background

Fisher was charged with unarmed robbery in violation of Florida Statute §§ 812.l3(1) & (2)(c) (CV Dkt. #12, p. 2). A jury found Fisher guilty and his sentence was affirmed on appeal. *Fisher v. State*, 962 So. 2d 908 (Fla. Dist. Ct. App. 2007) (*per curiam*).

Fisher then filed a *pro se* post-conviction motion for relief pursuant to Florida Rule of Criminal Procedure 3.850 claiming his counsel was ineffective for:

1. failing to have Defendant's competency investigated;

2. failing to depose and effectively cross-examine Jumarie Alverio;

3. misadvising Defendant that Jumarie Alverio would not be a witness at trial;

4. failing to object to improper bolstering of identity testimony;

5. failing to make the State's evidence available to Defendant and misadvising Defendant on its admissibility;

6. misadvising Defendant that Julissa Lopez was a witness for the defense;

7. misadvising Defendant as to witness availability;

8. failing to call Lorenzo Diaz as a witness;

9. failing to perpetuate the deposition testimony of witness Alex Casiano;

10. failing to impeach testimony of Detective Mark Dinsmore;

11. failing to object to the misleading statements of the prosecutor;

12. failing to object to the admission of inadmissible evidence;

13. misadvising Defendant as to his maximum sentence exposure;

14. cumulative errors;

15. failing to assert due process violations in the restriction of the cross-examination of Detective Dinsmore; and

16. failing to object to inadmissible hearsay testimony of Detective Dinsmore.

The State Circuit Court addressed each of the grounds for relief and denied them at the conclusion of an evidentiary hearing. Fisher appealed the state post-conviction relief order and the decision was per curiam affirmed by the Second District Court of Appeal. *Fisher v. State*, 90 So. 3d 285 (Fla. Dist. Ct. App. 2012).

Now, Petitioner has filed this timely § 2254 petition for habeas relief (CV Dkt. #1) raising the following grounds:

**1.** Petitioner's counsel was ineffective for misadvising Petitioner as to his maximum sentence exposure causing Petitioner to reject a favorable plea offer.

**2.** Petitioner's counsel was ineffective for misadvising Petitioner that Julissa Lopez would be a defense witness causing Petitioner to reject a favorable plea offer.

**3.** Petitioner's conviction was obtained through the use of inadmissible hearsay testimony in violation of the Confrontation Clause of the U.S. Constitution.

**4.** The post-conviction court's consideration of trial counsel's unsworn testimony at the evidentiary hearing violates the Petitioner's right to due process and is fundamentally unfair.

**5.** The post-conviction court violated the Petitioners right to due process in failing to address or rule upon the Petitioner's specific claim that trial counsel was ineffective in the cross-examination of witness Jumarie Alverio.

**Exhaustion and Default**

A petitioner seeking writ of habeas corpus must exhaust the remedies available in state courts. 28 U.S.C. § 2254. Fisher has proceeded through both direct appeal and post-conviction proceedings at both the trial court and appellate levels. Since the Florida Supreme Court lacks jurisdiction to hear per curiam opinions of District Courts of Appeal

that merely affirm, he was not entitled to petition for their review and his state court remedies are therefore exhausted. *Gandy v. State*, 846 So. 2d 1141, 1143 (Fla. 2003).

A petitioner may procedurally default when he fails to raise his federal claims during state court appeals or fails to make all of his state appeals in a timely manner. *U.S. ex rel. Redding v. Godinez*, 900 F. Supp. 945, 948 (N.D. Ill. 1995). However, there are exceptions to the rule that a petitioner cannot bring a claim that has been procedurally defaulted. A petitioner may still obtain federal habeas corpus review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Where a state requires the petitioner to raise an ineffective assistance of trial counsel claim in a collateral proceeding, such as in the State of Florida, cause can be shown if the state did not appoint counsel to assist in the initial collateral review proceeding.[1] *Martinez*, 132 S. Ct. at 1318.

## Ineffective Assistance of Counsel

Effective assistance of counsel is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

---

[1] The record shows the Petitioner did not have counsel appointed to assist in preparing his motion for post-conviction relief but was appointed counsel for his assistance during his post-conviction relief evidentiary hearing.

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

## Discussion

There is a high bar to overcome for a petitioner seeking writ of habeas corpus for claims that were adjudicated on the merits in state court proceedings. *See Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). There are only two instances when the writ may be granted on such claims: (1) when the decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) when the determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The factual determinations made by the state court are presumed to be correct and a petitioner has the

burden of overcoming the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**<u>Claim 1</u>**

Fisher complains his counsel was ineffective for misadvising him as to his maximum sentence exposure (CV Dkt. #1, p. 5). He claims his counsel never advised him that he faced a potential sentence of forty years, with thirty years being mandatory, as a Violent Career Criminal (VCC). The Petitioner alleges that but for this mistake he would have entered into a favorable plea agreement giving him a fifteen-year mandatory sentence as a Prison Release Reoffender (PRR).

The state post-conviction court held an evidentiary hearing and denied relief on this claim after listening to the testimony of Fisher and his former counsel. During the evidentiary hearing, Fisher stated that he was warned about the possibility of receiving a thirty-year sentence and at that time rejected a fifteen-year plea offer. He also acknowledged that his former counsel, Maria Pavlidis, had warned him of potential enhancements as a Prison Release Reoffender (PRR), Habitual Felony Offender (HFO), and Habitual Violent Felony Offender (HVFO). However, he argued that if he would have known he would face up to forty years as a VCC, with a thirty-year mandatory minimum, he would have pled guilty to a fifteen-year sentence.

Counsel Pavlidis testified during the evidentiary hearing that Fisher was charged with four separate robbery counts, burglary of a dwelling, grand theft, possession of cocaine, and possession of paraphernalia. Counsel stated that she spoke with the Petitioner about these counts and warned him, as to his total exposure, that his minimum

possible sentence was 246.9 months, with a maximum possible sentence of 85 years. She also discussed going over with the Petitioner multiple sentencing enhancements he could face and explained that with HFO he could face thirty years for each robbery count, for a total of one-hundred and twenty years for the robberies alone. After hearing the sentencing possibilities that Counsel Pavlidis put forth, Fisher rejected the plea offer of fifteen years. Miss Pavlidis claimed the Petitioner was steadfast that the only sentence he would accept would be fifteen years suspended after five years.

The state post-conviction court found the testimony of Counsel Pavlidis to be credible. Although the Petitioner was unaware that he faced exposure specifically as a "VCC," the court found he did know of his exposure to a sentence far greater than the one eventually imposed. The court found the Petitioner's statement, that he would not have proceeded to trial if he had known about the VCC designation prior to his plea rejection, incredible. Because the Petitioner did not show that he was prejudiced by the actions of his counsel, the court denied relief on this claim.

The record in this case demonstrates that Petitioner's counsel was not ineffective under the *Strickland* standard. Although the Petitioner was not informed of the specific sentence enhancement he ended up facing, he was informed that he could face a much longer term of imprisonment than what he received. The Petitioner rejected a plea offer of fifteen years with this knowledge in hand. Therefore, the Petitioner has failed to demonstrate that he has been prejudiced by the alleged error of his counsel and is not entitled to relief on this claim.

**Claim 2**

Petitioner claims that his counsel was ineffective for misadvising him about the status of Julissa Lopez ("Lopez") as a defense witness causing him to reject a favorable plea offer (CV Dkt. #1, p. 9).  Prior to trial, Lopez had twice been asked to identify the suspect from a photopack.  Both times Lopez identified someone other than the Petitioner as the person who committed the robbery.  Counsel Pavlidis, relying on these previous identifications, told Fisher that Lopez would be a witness for the defense.  At trial, Lopez took the stand and made an in-court identification of Fisher.   Fisher contends that this sequence of events shows that his counsel was ineffective.

At the post-conviction evidentiary hearing, Counsel Pavlidis testified that she had discussed with the Petitioner that sometimes witnesses who are unable to identify a suspect from a photopack are able to do so in person.  The trial transcript shows that counsel fully cross-examined Lopez about her inability to previously identify the Petitioner from a photo lineup (T.T., PP. 153-157).  The post-conviction court found the Petitioner was unable to show prejudice: counsel fully cross-examined Lopez as a State's witness, there was not a reasonable probability that the outcome of the Petitioner's trial would have been different without counsel's advice, and there was not a reasonable probability the Petitioner would have accepted the State's offer rather than proceeding to trial.  Therefore, the post-conviction court ruled the Petitioner was not entitled to relief on this claim.

This Court concludes that the Petitioner has not shown he was prejudiced by his counsel's actions, nor has he shown his counsel was deficient.  Petitioner's counsel could

only advise based on the information available to her. Counsel had no control over the State's decision to call Lopez as a witness. And counsel properly warned the Petitioner of the potential that witnesses are sometimes able to identify a suspect in person even when unable to do so in a photopack. Because the performance of counsel was not deficient and Petitioner has not shown prejudice, he is not entitled to relief on this claim.

**Claim 3**

Petitioner argues that his conviction was obtained through the use of inadmissible hearsay in violation of the Confrontation Clause of the United States. The Petitioner was not required to wait until post-conviction proceedings to raise his Confrontation Clause or inadmissible hearsay claims. He could have raised these claims at trial and on direct appeal but failed to do so. As the Petitioner had two opportunities to raise these claims, with the assistance of counsel, he is not eligible for an automatic showing of cause to overcome his procedural default. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Since the Petitioner has defaulted on his Confrontation Clause claim, the Court has decided to proceed by reframing his claim as an ineffective assistance of counsel claim, as it was presented to the post-conviction court, to reach its merits.

Fisher's Petition is unclear on how he perceives the statements in question to be inadmissible hearsay or unfairly prejudicial. Using bold-faced print he calls the attention of the Court to certain language in the trial transcript. For example:

Prosecution: Detective Dinsmore Direct–Examination (T.T., P. 160).

Q. And what did you do as far as the investigators – or what did the investigators do as part of this case?

> A. What I did in this case is I went to the crime scene. I noticed that they had a camera inside the McDonald's, and I found out that it's just a monitor. There's no recording equipment whatsoever. Based on the report, **I went next door to a place called Party Liquors right there at Bird and Florida and spoke to the manager there.** They had an old type system, which you could review the video, but you couldn't download it.
>
> And every six days it erases the first day and goes to the next day**. So I did look at the video there. I saw a couple of, I think it was two frames, someone running towards the back of the store that may have been a suspect.** But since the guy had no way to download it, I couldn't even make a copy of it.

Prosecution: Detective Dinsmore Direct–Examination (T.T., P. 161).

> Q. **Based upon the information you received during the interviews, you interviewed some of the employees at this store also or McDonald's also?**
>
> A. **That's correct.**
>
> Q. **And based upon those – that information you received in the interviews and the investigation you did, were you able to develop a suspect in this case?**
>
> A. **Yes, I did.**
>
> Q. **And who was that person?**
>
> A. **Lester Fisher.**
>
> Q. **And what did you do once you received that information or once you gained that information about Mr. Fisher?**
>
> A. **I compiled what's called a photopack**.

Defense: Detective Dinsmore Cross–Examination (T.T., P. 174).

> Q. Okay. Now, one of the witnesses on scene, Ms. Lopez, passed on information about a vehicle?

    A.  That is correct.  And that – and the officers went to Party City to try to look at that video and see it there.  **And I was with the manager, and we couldn't find that car they were talking about on video.**

    Q.  So you never saw the car on the video.

    A.  That's correct.

    Q.  Okay.  But you did have the information as far as the description of the color and possible make and things like that from the initial report?

    A.  **Yeah, I think he said a boxy vehicle.**

  The first two examples of which the Petitioner complains are the detective recounting the steps of his investigation.  There are no out of court statements that would raise a hearsay inquiry.  The final example was elicited by Petitioner's counsel.  It appears from the record that it was counsel's strategy to show the detective did not have a strong basis for considering Fisher as a suspect.  It is also not clear who "he" is, with regards to the detective's testimony, but it appears to be the neighboring store manager.  The "boxy vehicle" is thought to be the vehicle the suspect used to drive away after the robbery.

  The crux of the prosecution's case was three eyewitnesses who identified the Petitioner as well as a video taken from an ATM machine at the scene of the robbery.  The car may have led to identifying the Petitioner as a subject, but this was not a prominent part of the State's case.  The most vivid account of the supposed getaway car was from witness Julissa Lopez who followed the suspect as he left the scene.  Prior to the testimony of Detective Dinsmore, Lopez testified that she witnessed the suspect flee in a "four-door brown Stanza" from behind a neighboring store (T.T., P. 146).

The state post-conviction court reviewed the testimony of Detective Dinsmore and found that it was not inadmissible. Moreover, the state court found that even if the testimony in question would have been kept out of evidence, there was no reasonable probability that the outcome of the Petitioner's trial would have been different.

This Court has read the transcript and agrees the testimony was not hearsay. Detective Dinsmore was simply discussing the sequence of investigatory steps he took in trying to identify a suspect. And the testimony put forth would not have had a reasonable probability of affecting the outcome of Fisher's trial. As the Petitioner has not established either deficient performance or prejudice under *Strickland,* he is not entitled to relief on this claim.

**Claim 4**

The Petitioner claims that he was denied due process by the state post-conviction relief court because the court relied on the unsworn testimony of trial counsel in reaching its conclusions (CV Dkt. #1, p. 17). Florida evidence rules, statutes, and cases are cited as the basis for his claim. Besides a conclusory mentioning of due process, the Petitioner does not suggest a single federal ground to support his claim and this Court knows of none.

Claims brought under § 2254 are limited to Constitutional violations. The statute states this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*. 28 U.S.C. § 2254. A state post-conviction proceeding does not raise a constitutional issue

cognizable in a federal habeas petition because there is no federal constitutional requirement that states provide a means of post-conviction review. *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

The Petitioner complains of a state procedure which is neither the basis for his custody nor mandated by federal law. The Petitioner is asking this Court to enforce a state-created right, but that is not the purpose of the writ of habeas corpus. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Because the Petitioner has not challenged the legality of his custody on federal grounds, he is not entitled to relief on this claim.

## Claim 5

The Petitioner claims that he was denied due process because the post-conviction court failed to specifically rule upon the Petitioner's claim that his trial counsel was ineffective in cross-examining state witness Jumarie Alverio (CV Dkt. #1, p. 20). As previously discussed, the claims that can be brought under 28 U.S.C. § 2254 are limited. Federal courts reviewing Section 2254 petitions may only consider the "constitutionality of a state criminal conviction, not infirmities in a state post-conviction proceeding." *Williams-Bey*, 894 F.2d at 317. As the Petitioner is proceeding *pro se,* his pleadings are to be construed liberally. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). This Court has decided to interpret this claim as it was presented to the state post-conviction court, an ineffective assistance of counsel claim.

Petitioner alleges that Detective Mark Dinsmore coerced witness Jumarie Alverio into identifying the Petitioner. Fisher contends that, if his counsel would have been effective in deposing and cross-examining Alverio, the coercion would have been

exposed and there is a reasonable probability the outcome of his trial would have been different.

The post-conviction court addressed these issues during its evidentiary hearing and in its final order. Fisher's former counsel, Pavlidis, testified during the hearing that Alverio was adequately interviewed in preparation for cross-examination. Counsel Pavlidis told the court the information Alverio provided in her interview was the same as she provided in the police statements. The court found counsel Pavlidis' testimony to be credible, the trial court would not have struck Alverio as a witness under these circumstances, and the Petitioner had not shown prejudice from the error he alleges.

This Court has reviewed the cross-examination of witness Alverio by counsel Pavlidis during the Petitioner's trial. Counsel Pavlidis began by questioning Alverio about her statements she made to the police regarding the suspect appearing to be in his thirties, whereas Fisher was in his forties at the time of the robbery (T.T., P. 120). Counsel was able to reveal that Alverio could not give a description of the suspect at the time of the robbery and had Alverio agree that the ATM video was not very clear (T.T., PP. 121-122). Finally, counsel exposed that there had been a period of ten days from the time of the robbery to when Alverio had the opportunity to identify Fisher from a photopack (T.T., P. 123). The questioning of counsel Pavlidis was appropriate and, although it was not decisive in the trial's outcome, served to cast doubt as to the accuracy of Alverio's identification of the Petitioner.

This Court concludes that Petitioner's counsel was not deficient and any alleged deficiency does not rise to the level of presenting a reasonable probability that the

outcome of the Petitioner's trial would have been different. Therefore, the Petitioner is not entitled to relief on this claim.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.     Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (CV Dkt. #1) is DENIED.

2.     The Clerk is to enter judgment for the Respondents, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 22nd day of October, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-489 deny 2254 Fisher.docx